35 F.3d 565
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas P. GIFFORD, Petitioner-Appellant,
v.
STATE OF OHIO; Summit County Adult Probation Department,
Respondents-Appellees.
 No. 94-3165.
 United States Court of Appeals, Sixth Circuit.
 Aug. 16, 1994.
 
 1
 Before: JONES and BATCHELDER, Circuit Judges, and HOOD, District Judge.*
 
 ORDER
 
 2
 Thomas P. Gifford appeals a district court order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 In 1991, Gifford pleaded guilty to one count of forgery and four counts of grand theft. At the time the guilty plea was entered, Gifford's counsel reserved a speedy trial issue for appeal. Gifford was sentenced to one year of incarceration on each grand theft count and six months imprisonment on the forgery count. The grand theft sentences were to be served consecutively and the forgery count was to be served concurrently with the grand theft sentences. Gifford's sentences were subsequently amended to five years of probation.
 
 
 4
 Gifford's appellate counsel raised the speedy trial issue before the Ohio Court of Appeals. The Ohio Court of Appeals ruled that Gifford had waived the issue when he pled guilty. Gifford then filed a pro se motion for reconsideration with the Ohio Court of Appeals contending that he was denied his right to effective assistance of trial and appellate counsel. The Ohio Court of Appeals found the arguments meritless. Gifford then filed a motion for leave to file a delayed appeal with the Ohio Supreme Court. The Ohio Supreme Court denied the motion as without merit.
 
 
 5
 Gifford filed his petition for habeas relief arguing that his trial counsel and appellate counsel rendered ineffective assistance. He also alleged that the trial court erred in denying his right to a speedy trial. After Gifford was appointed counsel, Gifford's speedy trial issue was subsequently clarified as being the basis for the ineffective counsel argument. The district court dismissed the petition as meritless.
 
 
 6
 In his timely appeal, Gifford continues to argue that his trial counsel and appellate counsel were ineffective. Gifford also argues that the district court erred in addressing the merits of his speedy trial issue.
 
 
 7
 Upon review, we affirm the district court's order because Gifford has failed to establish that he was denied fundamental fairness resulting in his unjust confinement. Wright v. Dallman, 999 F.2d 174, 178 (6th Cir.1993).
 
 
 8
 Gifford contends that his trial counsel was ineffective by erroneously advising Gifford regarding the consequences of his guilty plea. Gifford argues that trial counsel's erroneous advice that his speedy trial claim would be preserved for purposes of appeal despite Gifford's guilty plea constituted ineffective assistance of counsel. To establish that his attorney rendered ineffective assistance, Gifford must show that his attorney's performance was so deficient as to render the proceedings unfair and the results unreliable. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Thomas v. Foltz, 818 F.2d 476, 480 (6th Cir.), cert. denied, 484 U.S. 870 (1987). In the context of a guilty plea, while the performance prong of the Strickland test remains the same, to establish prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985); Thomas, 818 F.2d at 480.
 
 
 9
 Although Gifford's trial counsel erroneously informed Gifford that his speedy trial argument would be preserved for appeal despite the guilty plea, we conclude that under Ohio law, Gifford's speedy trial argument is meritless. Gifford's speedy trial argument is that although his trial began on the ninetieth day after his arrest, because Ohio Rev.Code Ann. Sec. 2945.71 uses the term "within," the word "within" makes the ninetieth day exclusive rather than inclusive. However, our review of Ohio's case law establishes that the term "within" has been interpreted to be inclusive and that Gifford was properly brought to trial on the ninetieth day after his arrest. See State v. Baker, No. 3520, 1985 WL 10030, at * 1-2 (Ohio Ct.App. Sept. 27, 1985). Therefore, although counsel's advice to Gifford was erroneous, Gifford was not prejudiced by this advice as the speedy trial issue was clearly meritless under Ohio law.
 
 
 10
 Finally, Gifford contends that his appellate counsel was ineffective for not raising an ineffective trial counsel claim on appeal. A defendant is entitled to effective assistance of counsel on his first appeal as a matter of right. Evitts v. Lucey, 469 U.S. 387, 396 (1985). Appointed appellate counsel does not have a constitutional duty to raise every nonfrivolous issue requested by a defendant. Jones v. Barnes, 463 U.S. 745, 751 (1983). The Strickland standard is applicable to claims of ineffective assistance of appellate counsel. See Bowen v. Foltz, 763 F.2d 191, 194 (6th Cir.1985). Because Gifford's trial counsel was not ineffective, neither was Gifford's appellate counsel.
 
 
 11
 Accordingly, we affirm the district court's order.
 
 
 
 *
 The Honorable Joe Hood, U.S. District Judge for the Eastern District of Kentucky, sitting by designation